UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

RICKY TEJADA,                                          :
          Plaintiff,                    :       No. 5:16-cv-2433
                                                        :
    v.                                                  :
                                                        :
ROBERT MCFADDEN et al.,                          :
          Defendants.                 :
_____

**MEMORANDUM**
**Plaintiff's Notice of Removal, ECF No. 1- Dismissed**
**Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF No. 3- Granted**

**Joseph F. Leeson, Jr.**                                                                 **June 14, 2016**
**United States District Judge**

      Plaintiff initiated a civil action in the Lehigh County Court of Common Pleas in 2014, alleging that correctional officers at the Lehigh County Correctional Facility confiscated and destroyed his property without due process of law. *See Tejada v. McFadden et al.*, Civil No. 2014-3232 (Lehigh Cty. Ct. Com. Pl.) and ECF No. 1. He filed an Amended Complaint in state court on July 17, 2015. *Id.* On May 16, 2016, Plaintiff filed a Notice of Removal seeking to remove his civil action to this Court. ECF No. 1. He filed an Application for Leave to Proceed In Forma Pauperis under 28 U.S.C. § 1915 on May 24, 2016. ECF No. 3.[1]

---

[1] Filed with Plaintiff's Application for Leave to Proceed In Forma Pauperis is a Motion for Joinder requesting that this action be consolidated with a previously filed federal case at Civil No 5:14-cv-05604. *See* ECF No. 3; *Tejada v. Corr. Officer Dale of Lehigh Cty. Prison*, No. 5:14-cv-05604 (E.D. Pa. filed Sept. 24, 2014). However, despite Plaintiff's contention that these cases arise out of the same transaction or occurrence, the claims in this other case are based on a corrections officer's alleged use of excessive force and are unrelated to the alleged confiscation of Plaintiff's property at issue in the instant action. For these reasons, and for the reasons discussed below, Plaintiff's Motion for Joinder is denied. Moreover, to the extent any amendment to the pleadings may be appropriate in Civil No. 5:14-cv-05604, Plaintiff has filed a motion to amend his pleadings in that action.

1

Initially, the Court finds that Plaintiff does not have sufficient funds to prepay the filing fees and grants his Application for Leave to Proceed In Forma Pauperis.

Next, the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides that the complaint shall be dismissed if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal quotations omitted). The removal statutes allow a "defendant," not a plaintiff, to remove a civil action from state court. *See Ladies Room, Inc. v. Gingrich Estate*, No. 08-01267, 2008 U.S. Dist. LEXIS 54605, at *4-5 (E.D. Pa. July 17, 2008) (finding that the plaintiff's attempt at removal was "procedurally defective as only defendants are permitted to remove from state court to federal court" and remanding the matter to the state court). Accordingly, Plaintiff's Notice of Removal is improper. *See Untracht v. Fikri*, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("Removal by a plaintiff is not permitted because the plaintiff had the original choice of forum."), *aff'd* 249 Fed. App'x 268 (3d Cir. 2007). As a result, this Court lacks jurisdiction. *See Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) (directing the district court to dismiss the proceedings for want of jurisdiction because the right of removal from a state court to a federal district court is confined to a defendant); *McCool v. Pennsylvania*, No. 4:14-CV-00082, 2014 U.S. Dist. LEXIS 170244, at *9-11 (M.D. Pa. Oct. 24, 2014) (determining that a plaintiff's

improper removal is not a mere procedural irregularity, but rather a jurisdictional defect in removal), *adopted by* 2014 U.S. Dist. LEXIS 169462 (M.D. Pa. Dec. 8, 2014).

The matter is remanded to the Lehigh County Court of Common Pleas.  *See Ingris v. Mallouk Realty Corp.*, No. 14-6946, 2014 U.S. Dist. LEXIS 163951, at *1-2 (D.N.J. Nov. 24, 2014) (remanding the complaint to the state court upon consideration of the plaintiff's motion to proceed under 28 U.S.C. § 1915 because the plaintiff could not properly remove the action); *McCool*, 2014 U.S. Dist. LEXIS 170244 at *9-11 (deciding, sua sponte, to remand the civil action back to the state court because the district court lacked jurisdiction over the plaintiff's improper removal).

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Court